IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-93-1H
No. 7:16-CV-118-H

JAMAL KWAME HOSENDOVE,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on petitioner's motion to vacate under 28 U.S.C. § 2255, [DE #89, #94, and #95].[1] The government filed a motion to stay pending the Supreme Court's resolution of Beckles v. United States, 137 S. Ct. 886 (2017), [DE #100], which motion was granted. [DE #101]. Subsequent to the Supreme Court's decision in Beckles, the stay was lifted and the government was allowed to respond. [DE #106]. Neither petitioner nor government responded.[2] Petitioner was released and subsequently violated the terms of his supervised release. On October 10, 2018, this court revoked petitioner's supervised release and imposed a term of imprisonment of five months. The

---

[1] Petitioner's motion to vacate, [DE #94] was filed by counsel appointed pursuant to Standing Order 15-SO-02.
[2] The court notes the FPD Office filed a motion to withdraw as counsel on the basis that no motions would be presented under Johnson v. United States, 235 S. Ct. 2551 (2015), in light of the Supreme Court's decision in Beckles, [DE #104], and this motion was granted by this court. [DE #105].

time for further filing has expired, and this matter is ripe for adjudication.

## BACKGROUND

On January 23, 2013, petitioner was found guilty by a jury of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) and § 924 (Count One). [DE #57 and DE #69]. On April 11, 2013, the court sentenced petitioner to a total term of imprisonment of 62 months. [DE #69]. Petitioner filed a notice of appeal, and the Court of Appeals affirmed. [DE #67, #82, and #83]. The mandate issued on September 9, 2014.

On May 27, 2016, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, [DE #89], which motion was refiled on the correct form, [DE #95]. Counsel for petitioner filed a motion to vacate, [DE #94], in light of Johnson v. United States, 235 S. Ct. 2551 (2015), arguing that petitioner no longer has a qualifying predicate offense to qualify for a four level enhancement under United States Sentencing Guidelines ("USSG") § 2K2.1(a)(4)(A). [DE #89, #94, and #95].

## COURT'S DISCUSSION

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides that:

2

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f).

Petitioner contends his motion is timely pursuant to 28 U.S.C. § 2255(f)(3), due to the Supreme Court's decision in Johnson. [DE #94]. In the Johnson decision, the Supreme Court of the United States invalidated the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii) ("Armed Career Criminal Act" or "ACCA"). Johnson, 235 S. Ct. at 2557. In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held the rule pronounced in Johnson is retroactively applicable on collateral review. Petitioner filed his motion within one year of Johnson. In Beckles v. United States, 137 S. Ct. 886 (2017), however, the Supreme Court

declined to extend its ruling in Johnson to the residual clause of USSG § 4B1.2(a). Petitioner cannot rely on Johnson or its progeny here as he was not sentenced as an armed career criminal pursuant to ACCA. Thus, petitioner's argument that his § 2255 motion is timely under 28 U.S.C. § 2255(f)(3) is without merit, and the timeliness of petitioner's motion is governed by 28 U.S.C. § 2255(f)(1).

The mandate dismissing petitioner's appeal issued on September 9, 2014. Petitioner did not petition for certiorari, and therefore his judgment became final when the 90 day period for filing a petition for certiorari expired. See Clay v. United States, 537 U.S. 522, 528-29 (2003) (discussing when a judgment becomes final). Petitioner's § 2255 motion was not filed until May 27, 2016, more than one year after his judgment became final, pursuant to § 2255(f)(1). Thus, petitioner's motion to vacate is untimely and therefore must be DISMISSED.

## CONCLUSION

For the foregoing reasons, petitioner's motion to vacate, [DE #89, #94, and #95], is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an

4

assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

    This 3rd day of January 2019.

                              Malcolm J. Howard
                              Senior United States District Judge

At Greenville, NC
#35